UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **LINDA GORDON,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 1:23-cv-00317-HAB-SLC |
| **MENARD, INC.,** | ) ) ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is a joint Motion for Entry of Protective Order (ECF 16), seeking approval of a proposed stipulated protective order submitted by the parties pursuant to Federal Rule of Civil Procedure 26(c). (ECF 16-1). For the following reasons, the joint motion (ECF 16) will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).[1] A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order permits filing under seal without court permission (ECF 16-1 ¶ 3(a)), it requires a higher level of scrutiny.

order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

  Here, the proposed order contains overbroad language. To begin, it seeks to protect information regarding current and former employees and agents. (ECF 16-1 ¶ 2). However, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chi.*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005). The parties "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). While "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l, Inc.*, 297 F.3d at 547; *see, e.g.*, *Brown v. Auto. Components Holdings, LLC*, No. 1:06-cv-1802-RLY-TAB, 2008 WL 2477588, at *1 (S.D. Ind. June 17, 2008) (denying leave to file the plaintiff's personnel and medical information under seal where the information was central to the case).

  Further, the parties fail to show good cause for the protection of Defendant Menard Inc.'s training videos and materials, policy and procedure, information of Menard Inc. and its shareholders and directors, store surveillance videos, and blueprints and schematics. *See Zahran v. Trans Union Corp.*, No. 01 C 1700, 2002 WL 31010822, at *3 (N.D. Ill. Sept. 9, 2002). The proposed order makes no effort to specify why the purported protected materials are confidential. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise

2

publicly available." *Cook*, 206 F.R.D. at 249. For material to be protected as a trade secret, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547); *Oliver v. Tyson Foods, Inc.*, No. 1:11-CV-120, 2012 WL 370265, at *2 (N.D. Ind. Feb. 3, 2012) ("[J]ust because a party does not generally release certain information to the public, does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others.").

Also, the proposed order allows documents that contain "Confidential Material" to be filed entirely under seal (ECF 16-1 ¶ 3(a)), rather than solely protecting the information through redaction. *See Cincinnati Ins. Co.*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). Relatedly, the proposed order permits the disclosure of "Confidential Material" to the Court "provided . . . that all Confidential Material shall be filed under seal." (ECF 16-1 ¶ 3(a)). To the extent the parties seek to limit Court personnel from accessing confidential information filed under seal on the docket, the Court is not inclined to be so limited in its access to this case's files.

There are other issues the parties should keep in mind should they submit a revised protective order. While the parties agree in Paragraph 4 that each "counsel remains bound by the provisions of this Protective Order so long as counsel retains possession of Material" (*id.* ¶ 4), the Court is unwilling to enter a protective order that suggests *it* retain jurisdiction of any kind after resolution of the case, *see EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010). Similarly, the parties should expressly state that any provisions requiring the return or destruction of confidential or protected information at the end of this litigation—such as those in Paragraph 4 of the proposed order (ECF 16-1 ¶ 4)—do not apply to the Court or material filed with the Court.

Accordingly, the parties' joint Motion for Entry of Protective Order (ECF 16) is DENIED WITHOUT PREJUDICE. The parties may file a revised proposed protective order and motion consistent with this Order.

SO ORDERED.

Entered this 10th day of October 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge
