UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **LINDA GORDON,** | ) |
| **Plaintiff,** | ) ) |
| v. | ) )  Case No. 1:23-cv-00317-HAB-SLC |
| **MENARD, INC.,** | ) ) |
| **Defendant.** | ) |

### OPINION AND ORDER

On September 25, 2023, the parties filed a motion for entry of a stipulated protective order (ECF 16), which the Court denied without prejudice on October 10, 2023 (ECF 17). Now before the Court is a joint motion for entry of an amended stipulated protective order filed on November 15, 2023 (ECF 29), seeking approval of a proposed amended stipulated protective order submitted by the parties pursuant to Federal Rule of Civil Procedure 26(c) (ECF 29-1). For the following reason, the joint motion (ECF 29) will again be denied without prejudice.

As stated in the Court's October 10, 2023, Opinion and Order (ECF 17), Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).[1] Here, Paragraph 2 of the proposed amended order seeks to protect information when the parties "in good faith believes

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). The proposed amended stipulated protective order still permits filing under seal without court permission (ECF 29-1 ¶ 2), and thus, it requires a higher level of scrutiny.

that the Information would, if made public, materially affect the business, financial or commercial interests of the Producing Party and which the Producing Party believes in good faith would jeopardize properly protectable interest absent the protection." (*Id.*).

Paragraph 2 is problematic because it incorporates impermissible "fudge" phrases, enabling a party to designate information as confidential if it "believes in good faith" that the information is entitled to protection. (*Id.*); *see Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Accordingly, the parties' joint motion for entry of an amended protective order (ECF 29) is DENIED WITHOUT PREJUDICE. The parties may file a second revised proposed protective order and motion consistent with this Order.

SO ORDERED.

Entered this 21st day of November 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge